Nott, J.,
delivered the opinion of the court:
When the cases known as the Twenty per cent. Cases were first before this court, it was thought by my brother Milligan and myself, with other judges then on the bench, that they fell into two general classes, viz, of persons whose employments were within the civil service of the Government, and of persons whose employments were such as might be found under any other employer. The former we regard as the clerks, watchmen, laborers, and employés to which the Joint Resolution 28th February, 1867, referred; the latter as mere contractors with the Government, in no proper sense members of its civil service. Baker's Case, (4 C. Cls. R., p. 227.) To those views we still adhere as a matter of individual opinion, but have felt constrained to yield them to the very broad terms of the opinion of the Supreme Court in the test cases that were carried up, especially when coupled with the concession of the Attorney-General, that the opinion covered all of the cases in which judgment has recently been rendered. Indeed, as those were test cases appealed to obtain the opinion of the Supreme Court while some fifteen hundred other claimants were here awaiting their decision, we cannot doubt that the distinction which this court had made in favor of the Government was pressed upon the attention of the Supreme Court; and we cannot believe that the Supreme Court would have used language so broad and unreserved in its opinion, and cited the decisions of this court which were in favor of the claimants, and refrained from citing *498 others which were in favor of the Government, unless it had been resolved by the court that the distinction we had made could not be sustained. With that decision before us, and the Attorney-General confessing that there was no defense, it would not have been proper for us to have again interposed doubts and objections of our own so as to throw upon parties the renewed delay of presenting a question to the Supreme Court which could have been and should have been presented before, if it was not. We therefore agreed to the judgments which have been rendered.
The present cases, however, are contested by the Attorney-General, and differ from those previously decided. In those the question was whether the joint resolution embraced certain persons connected with Executive Departments, and the Supreme Court answered that it did " if they'were employed by the head of the Departments or of the bureau or any division of the Department, charged ioith that duty, and authorized to malee such contracts and fix the compensation of the person employed — The Twenty per cent. Cases, (7 C. Cls. R., p. 290.) In these the question is whether the joint, resolution extends to the clerks and employés of any other than the Executive Departments. The decision of the Supreme Court related to the character of the employés in those Departments named in the resolution, and not to the character of the Departments embraced by the resolution.
Beferring now to the joint resolution, we are forced to conclude from its terms that it was intended to apply to the employés of the Executive Departments, and does not extend to those of the legislature or judiciary. Stripped of unnecessary words, the joint resolution, so far as applicable to the claimant’s case, would read as follows:
That there shall be allowed and paid to the following-described persons, now employed in the civil service 'of the United States, at Washington, as follows: To clerics in the Executive Mansion, and in any of the following-named Departments, or any bureau or division thereof, to wit: State, Treasury, War, Navy, Interior, Post-Office, Attorney-General’s, Agricultural; and including clerics in the offices of the Coast Survey, Naval Observatory, Navy-Yard, Arsenal, Paymaster-General, (including the division of referred claims,) commissary general of prisoners, Bureau of (Refugees, Freedmen and Abandoned Lands, Quartermaster’s, Gapi- *499 tol and Treasury extensions, city post-office, and Commissioner of Public Buildings, an additional compensation of twenty per centum on their respective salaries as fixed by law.
It will be seen that this does not refer to clerks in the judicial department, and while it is so broad as to include every employ é with whom the chief of a bureau is authorized to contract, it by the very profuseness of its terms and designations excludes all others.
The judgment of the courtis that the petition be dismissed. But if the counsel desire to have this class of cases submitted to the Supreme Court, judgment proforma in favor of the claimant will be entered in one case, and the others will be remanded to await the decision of the Supreme Court.